UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RYAN ADAMS et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2071** |
| **ALLIED TRUST INSURANCE CO. et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiffs Ryan and Megan Adams (collectively, "Plaintiffs").[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion and remands this matter to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana for further proceedings.

## I. Background

This litigation arises from the denial of an insurance claim filed by Plaintiffs under their homeowner's policy with Defendant Allied Trust Insurance Co. ("Allied"). Specifically, Plaintiffs allege that Allied violated provisions of Louisiana law by arbitrarily, capriciously, and in bad faith, denying coverage for damages arising from the collapse of Plaintiffs' above-ground swimming pool.[2] Plaintiffs maintain that the damages arising from the incident should be covered under the "All Perils" provision of their insurance policy and that they have complied with their duties under the policy.[3] According to the Petition, Allied assigned the claim to a third-party insurance adjuster, Defendant Edward Bergeron ("Bergeron"), who examined the property and allegedly "represented

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 1-4 at 2–3.

[3] *Id.* at 2.

to [Plaintiffs] that their claim was covered under [the] policy."[4] Allied later relied on the "Earth Movement" exclusion in the policy to deny Plaintiffs' claim.[5] Plaintiffs maintain that no engineer ever examined their damaged property, rendering any reliance on the Earth Movement exclusion arbitrary, capricious, and in bad-faith.[6]

On September 24, 2021, Plaintiffs filed a Petition for Damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, against Defendants Allied Trust Insurance Co., Transcynd Claim Partners, LLC, and Edward Bergeron.[7] On November 9, 2021, Allied removed the case to this Court.[8] In the Notice of Removal, Allied asserted that Bergeron—the only nondiverse defendant—was improperly joined in order to defeat diversity jurisdiction under 28 U.S.C. § 1332.[9] On December 8, 2021, Plaintiffs filed the instant motion to remand.[10] Allied filed its opposition on December 15, 2021.[11]

## II. Parties' Arguments

### A.  *Plaintiffs' Arguments in Support of the Motion to Remand*

Plaintiffs move to remand this case, arguing that the Court lacks subject matter jurisdiction

---

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.* at 5.

[7] *Id.* at 1.

[8] Rec. Doc. 1. Additionally, in the Notice of Removal, Allied asserts that Plaintiffs only served Bergeron while this case was pending in state court. *Id.* at 3. Allied received "informal notice" through Bergeron and removed the action to this Court. *Id.* To date, the record reflects that Defendant Transcynd Claim Partners, LLC has not been served.

[9] *Id.* at 2.

[10] Rec. Doc. 6.

[11] Rec. Doc. 7.

under 28 U.S.C. § 1332.[12] Plaintiffs contend that this case does not satisfy either the complete diversity requirement or the minimum amount in controversy requirement of § 1332. Specifically, Plaintiffs aver that they are both Louisiana citizens, as is Bergeron, who Plaintiffs maintain is a properly joined defendant.[13] Plaintiffs argue that "Louisiana law establishes a cause of action against an insurance adjuster when he makes misrepresentations about the company's position."[14] Plaintiffs insist that because they have specifically alleged that Bergeron made representations to Plaintiffs which were not consistent with the insurance company's position, Allied has not shown that Plaintiffs have no cause of action against Bergeron.[15] Plaintiffs conclude that because Bergeron is properly joined to this case, diversity is destroyed, and this case should be remanded due to lack of subject matter jurisdiction.[16]

Plaintiffs further argue that "the amount in controversy is not facially apparent from the Petition," and Allied has failed to provide competent evidence proving that the amount exceeds $75,000.00.[17] Plaintiffs aver that they have stipulated to "renounce any award exceeding [$74,999.99] in value, inclusive of any damages, penalties, or attorney's fees."[18]

**B.**     ***Allied's Arguments in Opposition to the Motion***

In opposition, Allied argues that the Court should deny remand because Bergeron was

---

[12] Rec. Doc. 6 at 2–3.

[13] *Id*. at 1.

[14] *Id*. at 2 (citing *Thomas ex rel. Charles Thomas Ins. Agency, L.L.C. v. Allstate Ins. Co.*, No. 13-6043, 2014 WL 1389637, at *3 (E.D. La. Mar. 28, 2014) (Fallon, J.)).

[15] *Id*.

[16] *Id*. at 3.

[17] *Id*.

[18] *Id*.

improperly joined and because the amount in controversy exceeds $75,000.00.[19] First, Allied argues that Bergeron was improperly joined because Plaintiffs cannot state a claim against him under state law.[20] Allied asserts that to properly join a non-diverse party, Plaintiffs must identify "some cognizable legal theory and specific, non-speculative factual allegations supporting such a claim."[21]

Allied contends that Plaintiffs cannot state a claim against Bergeron sounding in contract or tort.[22] Allied argues Plaintiffs cannot state a contractual claim against Bergeron because there was no privity of contract between Bergeron and Plaintiffs.[23] Additionally, Allied argues that there is no state law basis for a tort claim against Bergeron in his role as an insurance adjuster.[24] Allied asserts that Plaintiffs did not allege that Bergeron owed them any duty—actual or assumed—and this failure to establish the duty element of Louisiana's duty-risk analysis dooms any attempt by Plaintiffs to establish a tort claim against Bergeron.[25] Moreover, Allied contends that "an insured generally has no tort claim against an insurance adjuster for processing and handling of an insurance claim."[26] Allied further argues that there is no statutory basis for Plaintiffs' allegations

---

[19] Rec. Doc. 7 at 9.

[20] *Id.* at 2–3.

[21] *Id.* at 3.

[22] *Id.* at 4–9.

[23] *Id.* at 4.

[24] *Id.*

[25] *Id.* (citing *Alacron v. Aetna Cas. & Sur. Co.*, 538 So. 2d 696, 699 (La. App. 5 Cir. 1989)).

[26] *Id.* at 5. (citing *Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 WL 221560 (E.D. La. Jan. 27, 2005) (Duval, J.); *Rich v. Bud's Boat Rentals, Inc.*, No. 96-3279, 1997 WL 785668 at *3 (E.D. La. Dec. 18, 1997) (Vance, J.); *S. Hotels Ltd. P'ship v. Lloyd's Underwriters at London Cos.*, No. 95–2739, 1996 WL 448001, at *1 (E.D. La. Aug. 7, 1996) (Livaudais, J.); *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So. 2d 371, 373 (La. App. 1 Cir. 1981); *Munsterman v. State Farm Fire & Cas. Co.*, No. 06– 8722, 2007 WL 29183, at *2 (E.D. La. Jan. 3, 2007) (Zainey, J.); *Kessel v. State Farm Fire & Cas. Co.*, No. 06-5234, 2007 WL 1017573, at *2 (E.D. La. Mar. 30, 2007)

against Bergeron.[27] More specifically, Allied asserts that Louisiana Revised Statutes §§ 22:1892 and 22:1973, the statutes Plaintiffs rely upon in the Petition, impose duties and penalties only upon insurers without reference to independent adjusters.[28]

Next, Allied argues that Plaintiffs' allegations that Bergeron misrepresented the insurer's position concerning coverage of the insurance claim must fail.[29] Allied notes that Plaintiffs alleged Bergeron "discussed with Plaintiffs that the pool was covered under the policy."[30] Allied asserts that even if that allegation is true, it does not amount to a misrepresentation because "Bergeron did no more than inform [Plaintiffs] that the pool was a covered item under the policy."[31] Thus, Allied argues that Bergeron's representation, if made, was a true statement that the pool falls under the insurance policy, not an indication that Allied would actually cover the claim on the pool.[32]

Finally, Allied argues that the amount in controversy is satisfied.[33] Allied avers that Plaintiffs' estimates for the alleged loss, along with the statutory penalties implicated in this case, more than satisfy the minimum amount in dispute for federal diversity jurisdiction.[34] Allied explains that Plaintiffs have made claims for damages under two different Revised Statutes. Under

---

(Berrigan, J.); *Motion v. Travelers Ins. Co.*, No. 03-2487, 2003 WL 22533673, at *1 (E.D. La. Nov. 4, 2003) (Berrigan, J.); *Cagle v. Hanover Am. Ins. Co.*, No. 11–0031, 2011 WL 2020241, at *2 (W.D. La. Apr. 6, 2011)).

[27] *Id.* at 6.

[28] *Id.*

[29] *Id.* at 7.

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *Id.* at 8.

[34] *Id.*

Louisiana Revised Statute § 22:1892, Plaintiffs could receive the amount in dispute plus a 50% penalty and attorney's fees—here, a total of up to $82,696.06.[35] Under Louisiana Revised Statute § 22:1973, Plaintiffs could receive the amount in dispute plus double damages for any general damage award.[36] Further, Allied notes that Plaintiffs have individually signed affidavits renouncing any right to damages exceeding $74,999.99.[37] However, Allied argues that the minimum amount in controversy could still be reached because each plaintiff could recover up to $74,999.99.[38]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[39] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" The removing party bears the burden of demonstrating that federal jurisdiction exists.[40] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[41] Remand is appropriate if the Court

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 9.

[38] *Id.* at 9.

[39] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[40] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[41] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[42]

Improper joinder provides a "narrow exception" to the complete diversity requirement for removal jurisdiction.[43] "The party seeking removal bears a heavy burden of proving that joinder of the in-state party was improper."[44] Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.[45] The court must also take into account the "status of discovery" and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant.[46] The district court is "not to conduct a mini-trial" of the plaintiff's claims, but must only determine whether there is a possibility that the plaintiff had set forth a valid cause of action against that defendant.[47] Unless it is clear that the non-diverse defendant has been improperly joined, the case should be remanded to the state court from which it was removed.[48]

If a non-diverse defendant has been improperly joined to an action, a party may remove the action by showing either: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant.[49] Under the second

---

[42] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[43] *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005).

[44] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

[45] *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

[46] *Id.*

[47] *Id.* at 336 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

[48] *Id.* at 337.

[49] *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 646–47).

method, joinder is improper if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[50]

District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways. First, the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[51] Second, in rare cases, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[52] If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[53] However, in conducting a summary inquiry for the purposes of determining fraudulent joinder, the court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[54] In other words, where courts choose to pierce the

---

[50] *Id.*; *see also Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 536 (E.D. La. 2006) (Fallon, J.).

[51] *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 646–47).

[52] *Id.*

[53] *Travis*, 326 F.3d at 648–49.

[54] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[55]

### IV. Analysis

In its Notice of Removal, Allied argued that removal is proper because the only non-diverse defendant, Bergeron, was improperly joined.[56] Allied did not assert that there was actual fraud in pleading jurisdictional facts, but rather, Allied contended that Plaintiffs have no possibility of recovery against Bergeron.[57] Accordingly, to defeat Plaintiffs' motion to remand, Allied must demonstrate that Plaintiffs cannot establish a cause of action against Bergeron—that is, that there would be "no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant."[58]

The Petition alleges that Bergeron acted as Allied's agent when he performed the inspection, and that "[a]fter examining the loss, Bergeron represented to [Plaintiffs] that their *claim* was covered under Allied's policy."[59] Plaintiffs assert that despite this assurance, Allied denied their claim, which Plaintiffs insist constitutes a bad-faith misrepresentation of the insurance policy and violates an insurer's obligation of good faith and fair dealing in a first party claim.[60]

As Allied argues in its Opposition, Louisiana law generally imposes no duty upon an insurance adjuster to "conduct a proper investigation or to advise an insured of covered issues."[61]

---

[55] *Travis*, 326 F.3d at 650.

[56] Rec. Doc. 1 at 2.

[57] *Id.* at 3.

[58] *See Smallwood*, 385 F.3d at 573. *See also Landry*, 428 F. Supp. 2d at 536.

[59] Rec. Doc. 1-4 at 2 (emphasis added).

[60] *Id.*

[61] Rec. Doc. 7 at 5 (citing *Rich*, 1997 WL 785668, at *3).

However, Louisiana courts have recognized that if an insurance adjuster nevertheless chooses to provide information to the insured concerning the potential success of the claim, the adjuster assumes an obligation to remain truthful.[62] Here, the Petition clearly alleges that Bergeron gave Plaintiffs information regarding the potential success of their claim when he represented to Plaintiffs that their claim was covered.[63] Assuming, as this Court must, that this factual allegation is true, a reasonable finder of fact could conclude Bergeron undertook an obligation to remain truthful in his dealings with Plaintiffs. Likewise, the fact finder could conclude Bergeron breached this assumed duty, thereby supporting Plaintiffs' claim against him.

Allied contends that Bergeron conveyed only that the pool was a covered item under the policy and thus his representation to Plaintiffs was truthful.[64] However, this assertion is inconsistent with the allegations made in the Petition, which clearly states that Bergeron indicated that Plaintiffs' *claim*, not merely the pool, was covered. This dispute alone is a question of fact ill-suited to resolution in the Rule 12(b)(6)-type analysis that the Court conducts on a motion to remand.[65] Thus, the Court concludes that Allied has not carried its "heavy burden" of negating any possibility that Plaintiffs can maintain a cause of action against Bergeron. Moreover, because complete diversity of parties does not exist, it is unnecessary at this juncture to address the parties' dispute regarding the amount in controversy. Accordingly, the Court finds that remand is proper.

This Court notes that in "rare" cases—where a plaintiff survives a Rule 12(b)(6) analysis but "misstate[s] or omit[s] discrete facts that would determine the propriety of joinder"—a district

---

[62] *See, e.g.*, *Edwards*, 2005 WL 221560, at *3; *Rich*, 1997 WL 785668, at *3; *Pellerin*, 396 So. 2d at 373.

[63] Rec. Doc. 1-4 at 2.

[64] Rec. Doc. 7 at 7.

[65] *See Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 646–47).

court "*may*, in its discretion, pierce the pleadings and conduct a summary inquiry."[66] Stated differently, the Court may end the inquiry and remand the case once the Plaintiff survives a Rule 12(b)(6) analysis.[67] Here, Plaintiffs survive a Rule 12(b)(6) analysis because the Petition supports a claim against Bergeron. Therefore, the Court need not conduct a summary inquiry. Remand is appropriate.

### V. Conclusion

Based on the foregoing, the Court finds that Allied has not carried its "heavy burden" of showing that Plaintiffs cannot state a claim against Bergeron. Therefore, the Court concludes that remand of the above-captioned matter pursuant to 28 U.S.C. § 1447(c) is proper. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. The case is hereby remanded to the 22nd Judicial District Court for the Parish of St. Tammany.

**NEW ORLEANS, LOUISIANA**, this ___2nd___ day of February, 2022.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[66] *Vigne v. Cooper Air Freight Servs.*, No. 19-1213, 2019 WL 2710502, at *4 (E.D. La. June 28, 2019) (Brown, C.J.) (quoting *Smallwood*, 385 F.3d at 573) (emphasis added).

[67] *See Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018).